# In the United States Court of Federal Claims

No. 23-1848C
(Filed: January 31, 2024)
**NOT FOR PUBLICATION**

```
*************************************
MUTAZ ALSHARA,                       *
                                     *
             Plaintiff,              *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
             Defendant.              *
                                     *
*************************************
```

## OPINION AND ORDER

Plaintiff Mutaz Alshara, proceeding *pro se*, seeks monetary and equitable relief based on a variety of alleged harms. *See* Complaint (ECF 1). He has also sought leave to proceed *in forma pauperis*. *See* Application (ECF 7). The government has moved to dismiss under RCFC 12(b)(1) and 12(b)(6).[1] Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. The motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987));

---

[1] *See* Mot. to Dismiss (ECF 11). Mr. Alshara has filed a response (ECF 13).

*see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

Many of Plaintiff's allegations involve wrongdoing by private parties, state and local government officials or institutions, foreign governments, and an unidentified flying object. But this Court has no jurisdiction over claims against defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Claims arising from those allegations must be dismissed.

To the extent some of Plaintiff's claims do implicate the United States, many of them are outside the Court's jurisdiction for other reasons. Claims for money in this Court under the Tucker Act are premised on (1) contracts between the plaintiff and the United States, (2) illegal exactions of money by the United States, or (3) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). Equitable and declaratory relief is generally outside this Court's jurisdiction unless it is "an incident of and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2). Most of Plaintiff's claims fail those standards.

Many of Plaintiff's claims against the United States — *e.g.*, conversion, defamation, threats, false imprisonment, invasion of privacy, interference with economic interests or contractual rights, recklessness, and negligence — are tort claims, and therefore outside this Court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *cf.* Tort, Black's Law Dictionary (11th ed. 2019). Others involve allegations of criminal misconduct, which this Court likewise lacks jurisdiction to address. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011). This Court cannot grant writs of habeas corpus. *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (explaining that the Court of Federal Claims was not one of the courts authorized by statute to grant habeas relief); *see also Rolle v. United States*, 752 F. App'x 1005, 1006–07 (Fed. Cir. 2018) (similar). Nor can it review decisions of other state or federal courts. *Jones*, 440 F. App'x at 918; *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Plaintiff's claims under the Geneva Conventions or other treaties are precluded by statute. 28 U.S.C. § 1502 ("Except as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations.").

Plaintiff may mean to claim that the United States has not adequately enforced or administered its laws, but if those allegations have any basis at all, it could only

be in equity or under the Administrative Procedure Act. This Court lacks jurisdiction over those types of claims. *Brown*, 105 F.3d at 624; *Smalls v. United States*, 87 Fed. Cl. 300, 308 (2009) (collecting cases). Plaintiff alleges that Executive Orders 14075, 13988, and 13672 create an implied contract for his protection, but none of them can fairly be read to do so.

Alleged violations of other laws and constitutional provisions Plaintiff cites are outside this Court's jurisdiction because the laws do not require payment of money. Binding or persuasive authority forecloses his claims as to most of those laws for that reason. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment); *Greene v. United States*, No. 22-1711C, 2023 WL 3454821, at *2 (Fed. Cl. May 15, 2023) (Fourteenth Amendment); *Parker v. United States*, 77 Fed. Cl. 279, 291–92 (2007) (Privacy Act).

Plaintiff has suggested that claims outside this Court's jurisdiction be transferred to another court. "Transfer to a district court is appropriate if (1) the transferor court lacks jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." *Greene v. United States*, No. 23-1821, 2024 WL 317653, at *3 (Fed. Cl. Jan. 29, 2024) (quoting *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012) (citing 28 U.S.C. § 1631)). Plaintiff has not made a showing that any other court would have jurisdiction over the claims he mentions. He also has not established that a transfer would be in the interest of justice. *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) ("The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits.").

Other claims that might be within this Court's jurisdiction fail for lack of factual pleadings. Plaintiff mentions violations of the Fifth Amendment, and this Court has subject matter jurisdiction over takings claims. But Plaintiff must plead facts that — if taken as true — would plausibly "establish that [a] government action caused the injury." *St. Bernard Par. Gov't v. United States*, 887 F.3d 1354, 1362 (Fed. Cir. 2018); *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004); *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has provided no such facts. Similarly, although this Court has jurisdiction over claims for unjust imprisonment, *see* 28 U.S.C. § 1495, stating a claim would require him to allege facts that do not appear in the Complaint. *See* 28 U.S.C. § 2513(a). Plaintiff refers to Section 6226 of the Internal Revenue Code, but does not otherwise mention any tax disputes he has had with the United States.

Defendant's motion to dismiss is **GRANTED**. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. If Plaintiff wishes to plead additional facts in support of the legal theories within this Court's jurisdiction, he may move for leave to file an amended complaint — in a single filing that includes all necessary attachments — no later than **March 1, 2024**.

        **IT IS SO ORDERED**.

s/ Stephen S. Schwartz<br>
STEPHEN S. SCHWARTZ<br>
Judge